FREDERICK H. LEVEY, Respondent, v. VICTOR S. ALLIEN, Appellant.

*Note given in renewal of an usurious note — when enforcible — direction of a judgment by the court, when proper.*

A note given solely in renewal of another note, tainted with usury and void, is equally tainted and alike condemned because it operates merely as a renewal or continuance of the usurious contract, but if the usurious contract be mutually abandoned by the parties and the securities canceled or destroyed so that they may not become the foundation of an action, and the borrower then makes a contract to pay the amount actually received by him, the last contract will not be tainted by the original usury. and may be enforced.

To sustain a direction of judgment by a court the facts must be susceptible of only one inference.

APPEAL by the defendant, Victor S. Allien, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the city and county of New York on the 10th day of April, 1893, upon a verdict for the plaintiff directed by the court after a trial at the New York Circuit, and also from an order

of the Supreme Court, entered in said clerk's office on the 12th day of April, 1893, denying the defendant's motion for a new trial.

*Luke A. Lockwood*, for the appellant.

*George W. Wingate*, for the respondent.

PARKER, J.:

Action on a note. Defense usury. The appellant discusses the case from the standpoint of a judgment entered on the verdict of a jury, pursuant to a direction by the court after trial.

Respondent assumes that his motion for judgment on the pleadings was granted, and presents an exhaustive argument, for the purpose of convincing the court that the granting of the motion was required by the pleadings. Which position is the correct one may properly be first determined.

Immediately after the impanelling of the jury, the counsel for the plaintiff made a motion for judgment on the pleadings, supporting it with an argument which seems to have met, in some measure, at least, with the approval of the court.

Instead of granting the motion, the court requested counsel to " make a statement of the facts of the case, and put it in the record." The record of the subsequent events of the trial are as follows : " Counsel agreed upon the following facts :

" That on the 3d day of January, 1887, at the city of New York, the defendant made and delivered to the plaintiff his promissory note, in the words and figures following, to wit :

" ' $5,000.               NEW YORK, *January* 3, 1887.

" ' On demand I promise to pay to the order of Frederick H. Levey, five thousand dollars with legal interest, payable quarterly. Value received.

" ' No. A.    Due.           VICTOR S. ALLIEN.'

" Payable on demand for the sum of $5,000, with interest. That at the time of the making and delivery of the said note it was agreed by and between the plaintiff and the defendant, in consideration of the sum of $5,000, for which the said note was given, that the said defendant would pay, and that the said plaintiff should receive, in addition to the interest reserved by said note for the loan

and forbearance of the said money, and in addition to six per cent per annum, ten per cent of the net profits of the business as commission merchants of the said defendant during the year 1887, and twenty per cent of the net profits of said defendant's said business during the year 1888. That in pursuance of said agreement the said defendant did, on or about the 20th day of January, 1888, pay to the said plaintiff, and said plaintiff received, the sum of $201.13, being ten per cent of the profits of the business of said defendant for the year 1887, in addition to the interest on the amount of said note at the rate of six per cent per annum.

"And that thereafter, and on the 9th day of December, 1891, the said defendant made and delivered to the said plaintiff the note now in suit, solely in renewal and in cancellation of the note first mentioned.

"And upon no other consideration. And that no other payments were made by the defendant to the plaintiff than those above stated, except the interest on the original note was paid up to the 7th day of January, 1889. That the original note and the loan were made in pursuance of an oral bargain to the same effect, before the completion of the transaction.

"PLAINTIFF'S COUNSEL. — I will make the admission; we will save time by it. I will admit that the note of 1887 and the agreement to pay the commission was made in pursuance of a previous oral agreement between the parties.

"DEFENDANT'S COUNSEL. — Only I don't want in the statement of the case, to waive the agreement to pay the ten per cent and twenty per cent profits. The note first offered was given in pursuance of an oral bargain for a loan upon the terms thus specified and performed. I believe that presents the case. Of course, we have liberty to take in the original note itself in case it becomes necessary. The amount of the claim is $5,000 and $400 interest — $5,400.

"PLAINTIFF'S COUNSEL.—I now make a motion to direct a verdict for the plaintiff.

"DEFENDANT'S COUNSEL.—I object to that, and ask to have the case submitted to the jury on the question whether or not the note in suit was usurious. [Motion denied. Defendant excepts.]

"DEFENDANT'S COUNSEL.—I also ask, before your honor passes upon the other motion, that your honor direct a verdict for the

defendant. [Motion to direct a verdict for the defendant denied. Defendant excepts.]

"THE COURT.—The motion to direct a verdict for the plaintiff is granted. [Defendant excepts. By direction of the court the jury found a verdict for the plaintiff for the sum of $5,400.]

"DEFENDANT'S COUNSEL.—I suppose for greater certainty I had better make the usual motion for a new trial. [Motion denied. Exception by defendant.]"

It appears, therefore, that the motion for judgment on the pleadings was not granted, the suggestion of the court to stipulate the facts being at once adopted and carried out by the respective counsel, after, and necessarily upon, which the court was moved by the plaintiff for the direction of a verdict, which was granted.

It is true that the judgment recites the granting of a motion for judgment on the pleadings, but the record of the proceedings, upon which this judgment was founded, and which it should have followed, demonstrates that such was not the case. Therefore, we shall not consider respondent's position, that the answer does not well plead the defense of usury.

From the stipulated facts it appears that in January, 1887, the defendant made and delivered to the plaintiff his promissory note for $5,000, with interest.

That note, by reason of an agreement between the parties that the maker should pay, and the payee receive, for the use of the money a sum in excess of that which the statute permits, was usurious and void.

About three years and one month later defendant made and delivered to the plaintiff the note in suit, for the same amount. And it appears that it was given "solely in renewal and in cancellation of the note first mentioned."

It further appears that while a portion of the profits of defendant's business for the year 1887 was paid to the payee, in addition to the legal rate of interest, the entire amount of money received by him from the date of the first note down to the date of the renewal note did not equal the legal rate of interest on the sum loaned.

The question is whether, under these facts, the court may hold as matter of law that the renewal note is free from the taint of usury.

If not, then the direction of a verdict against defendant's objection, and in defiance of his request to go to the jury, was error.

It is too well settled to call for the citation of authority, that where a note is given solely in renewal of another note, tainted with usury and void, that it is equally tainted and alike condemned by the statute, because it operates merely as a renewal or continuance of the usurious contract. So, were there no other facts in the record than the stipulation that this note was given in renewal and cancellation of the note first mentioned, the defendant would have been entitled to a direction in his favor.

Other facts stipulated, it is said, show that the original contract was abandoned, and the result of the making of the new contract thereafter was to do away with the usury originally agreed upon.

It is well settled that if a usurious contract be mutually abandoned by the parties, and the securities canceled or destroyed, so that they may not become the foundation of an action, and the borrower then makes a contract to pay the amount actually received by him, this last contract will not be tainted by the original usury, and may be enforced. (*Sheldon* v. *Haxtun*, 91 N. Y. 124.)

Just what is necessary to be done touching an old and usurious contract in order to place the parties to it in a position where they can feel assured that a contract is free from all usurious taint, which has for its support a promise founded on the consideration of the original corrupt agreement, has not been fully outlined by the courts. But in order to do away with the old agreement both parties must act, and in the absence of a specific declaration of their intention, the circumstances proven must be such as to warrant an inference of fact, that the parties intended to do away with the old contract, and to put each other in precisely the same position as if the illegal feature of it never existed. And in order that the court may direct a verdict it is necessary that the facts should be susceptible of only one inference.

Certainly it cannot be said that the facts stipulated in this case are of such a character as to require a finding that both parties intended the abandonment of the original contract for the purpose of creating a new one, which should be free from the fault which rendered the original contract void.

The evidence tending to show it consists in the giving of the new

note without interest for an amount which, if added to the total payments subsequent to the giving of the first note, would aggregate considerably less than the loan with legal interest added.

Its force in the direction claimed for it, is somewhat impaired by the stipulation of the parties that the note was given solely in renewal of the original note. Considered together, they do not require a finding that both maker and payee intended to do away with the old contract, and create a new one, which should not be in contravention of, the usury statute.

As the conclusion reached necessarily calls for a reversal of the judgment, we refrain from considering whether a question was presented for the jury, as it may well be that the facts will be so changed on the retrial as to render such a discussion fruitless.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

Van Brunt, P. J., and Follett, J., concurred.

Judgment reversed and new trial ordered, with costs to appellant to abide event.